**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| CHARLTON C. FIELDS, | ) | No. CV 06-7258 (CW) |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned magistrate judge.  Plaintiff seeks review of the denial of disability benefits.  The court finds that judgment should be granted in favor of defendant, affirming the Commissioner's decision.

### I.  BACKGROUND

Plaintiff Charlton Fields was born on April 5, 1962, and was a younger individual during the period relevant to his disability application. [Administrative Record ("AR"), 78, 362.]  He has a twelfth grade education and past relevant work experience as a shop

worker, driver, mixologist, plant engine assistant, merchandise vendor and maintenance engineer. [AR 97.] He alleges disability on the basis of a musculoligamentous sprain, a sprain of the lumbar spine, chronic low back pain, diabetes, high blood pressure, and knee pain. [AR 53.] During the administrative hearing, plaintiff testified that he returned to full-time work in February 2006. [AR 366.] Plaintiff seeks a closed period of disability from April 14, 2003, to February 2006. [AR 36.]

## II. PROCEEDINGS IN THIS COURT

Plaintiff's complaint was lodged on November 14, 2006, and filed on November 21, 2006. On May 29, 2007, defendant filed an answer and plaintiff's Administrative Record ("AR"). On August 2, 2007, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party. This matter has been taken under submission without oral argument.

## III. PRIOR ADMINISTRATIVE PROCEEDINGS

Plaintiff filed a protective application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act on March 3, 2004. [JS 2, AR 78.] After the application was denied initially and upon reconsideration, plaintiff requested an administrative hearing, which was held on March 22, 2006, before Administrative Law Judge ("ALJ") Mason D. Harrell. [AR 362.] Plaintiff appeared without counsel,[1] and testimony was taken from

---

[1] The ALJ advised plaintiff that he was entitled to representation by counsel but that it was not required. [AR 364.] The ALJ then noted that the record indicated that plaintiff had been sent notices prior to the hearing of his right to counsel and that it appeared that plaintiff decided to represent himself because he did

2

plaintiff and vocational expert ("VE") Sandra Fioretti. [Id.] The ALJ denied benefits in a decision dated May 15, 2006. [AR 43.] When the Appeals Council denied review on October 18, 2006, the ALJ's decision became the Commissioner's final decision. [AR 9-11.]

### IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence. However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits. See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720. It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Id. "If the evidence can reasonably support either affirming or reversing," the reviewing

---

not have an attorney at the hearing. [Id.] Plaintiff affirmed that he wished to proceed without an attorney. [AR 364-65.]

court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

## V. DISCUSSION

### A. THE FIVE-STEP EVALUATION

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at least twelve months. Tackett, 180 F.3d at 1098; Reddick, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996); see also Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); Tackett, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920. If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps. Tackett, 180 F.3d 1098; 20 C.F.R. § 404.1520.

Claimants have the burden of proof at steps one through four,

4

subject to the presumption that Social Security hearings are non-adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[2], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. § 404.1520, § 416.920.

**B.   THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

In this case, the ALJ found that plaintiff had not engaged in substantial gainful activity during the period relevant to his DIB application (step one); that plaintiff had "severe" impairments, namely cervical spondylosis with trapezial strain, lumbosacral discogenic disease, and lumbar spondylosis with musculoligamentous strain (step two); and that plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 38.] Plaintiff was found to have an RFC for a range of light work, which would preclude him from returning to his past relevant work (step four). [AR 39, 41.] The vocational expert testified that a person with plaintiff's RFC could perform other work

---

[2] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

existing in significant numbers in the national economy, including jobs as a bench assembler, small product assembler and assembler (step five). [AR 42.]  Accordingly, plaintiff was found not "disabled" as defined by the Social Security Act. [Id.]

### C. ISSUE IN DISPUTE

The parties' Joint Stipulation identifies a single disputed issue:  whether the ALJ properly considered plaintiff's testimony at the administrative hearing, specifically, whether he took into account plaintiff's testimony that he missed an average of five days of work per month. [JS 3, 6-7.]

### D. PLAINTIFF'S TESTIMONY

During the hearing, plaintiff testified that he returned to full-time work as a truck driver approximately one month prior to the hearing. [AR 366.]  He described the job as "painful" and stated that he was in a ninety-day probationary period. [AR 367.]  Notably, plaintiff testified that he had already "missed quite a few days of work," "approximately five days," because of his pain. [Id.]  Plaintiff explained that at his current job, "if you're kind of like burned out, they say it's okay to take a couple of days off.  So I use that as a chance to just get a little rest." [Id.]  Plaintiff further testified that he works sixteen hours a day, six days a week, and that there were no limits on how many days he could take off because his employer wanted to avoid "burned out" drivers and recognized that it "could be hazardous" to put unprepared drivers on the road. [AR 368.]  Plaintiff affirmed that his employer was "okay" with his missing five days of work. [Id.]

Plaintiff then testified that he agreed with examining physicians who opined that he could lift ten pounds frequently and twenty pounds

6

occasionally with limited standing and walking. [AR 373.] He also stated that he had constant back pain and could bend only occasionally and could not move his neck back and forth constantly. [AR 374, 377, 378.] Plaintiff testified that his job as a truck driver required him to stretch his legs and back after sitting in the truck for an hour. [AR 377.]

The ALJ found plaintiff's testimony regarding his physical abilities and limits to be "credible, supported by the objective evidence and opinion of record." [AR 41.] Accordingly, the ALJ incorporated plaintiff's statements regarding his functional abilities into the RFC assessment, finding plaintiff capable of a range of light work, including the ability to lift ten pounds frequently and twenty pounds occasionally; stand or walk for two hours in an eight-hour workday; sit for six hours in an eight-hour workday for one hour at a time, after which he must stand and stretch for a few minutes; occasionally bend and stoop; and refrain from constant neck movements. [AR 39.] Plaintiff contends that this assessment does not account for plaintiff's testimony that he missed five days of work in his first month of employment, indicating that such absenteeism would render him incapable of sustained substantial gainful activity. [JS 6.]

"Substantial gainful activity is work done for pay or profit that involves significant mental or physical activities." Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir. 2001)(citations omitted). For the purpose of determination of disability under the Social Security Act, substantial gainful activity "means more than merely the ability to find a job and physically perform it; it also requires the ability to hold the job for a significant period of time." Gatliff v. Comm'r of Social Sec. Admin., 172 F.3d 690, 694 (9th Cir. 1999). Excessive

absenteeism is a factor that may indicate an inability to engage in substantial gainful activity. See generally Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995)("In evaluating whether the claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's ability to work on a sustained basis.")(citation and internal quotation marks omitted).[3]

Here, plaintiff's testimony regarding his need to take five days off during his first month of employment due to his back pain had no bearing on the ALJ's consideration of his ability to perform substantial gainful activity during the relevant disability period. Plaintiff testified that he normally worked sixteen-hour shifts for six days per week as a truck driver, and that his employer tolerated a relatively high number of absences to avoid employee "burn out" and the risk of physically unprepared drivers. The number of days off that plaintiff required under these unusual circumstances was not relevant to whether he could sustain employment under the customary standards of a forty-hour workweek in the context of the Social Security Act. See Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 at *1 (describing an ability to work "on a regular and continuing basis" as working for "8 hours a day, for 5 days a week, or

---

[3] In general, vocational evidence indicates that in the context of unskilled jobs, employers will not tolerate employee absences of three or more days per month. See Wright v. Barnhart, 389 F.Supp.2d 13, 19 (D.Mass. 2005)(VE testified that no available occupation would tolerate three absences per month); Campbell v. Barnhart, 374 F.Supp. 498, 503 (E.D. Tex. 2005)(VE testified that three absences per month would preclude competitive employment); McGraw v. Apfel, 87 F.Supp.2d 845, 852 (N.D. Ind. 1999)(VE testified that plaintiff could not perform any work with more than two absences per month); Connor v. Shalala, 900 F.Supp. 994, 1003 (N.D. Ill. 1995)(VE testified that an unskilled job would not tolerate more than two absences per month on a consistent basis).

1  an equivalent work schedule"); 20 C.F.R. § 404.1545(b) and (c).[4]

2  To the extent that plaintiff argues that the ALJ should have made further inquiries, especially in light of plaintiff's pro se status at the administrative hearing, plaintiff does not specify what inquiry should have been made, nor does the record suggest that any further inquiry was necessary. Contrary to plaintiff's contention that the ALJ "ignored" all of plaintiff's testimony, the administrative decision reveals that the ALJ took into account all of plaintiff's testimony regarding his functional limitations and fully incorporated the relevant limitations in the RFC determination. Under these circumstances, the administrative decision should not be disturbed.

## V. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**.
2. This action is **DISMISSED WITH PREJUDICE**.
3. The Clerk of the Court shall serve this Decision and Order and the Judgment herein on all parties or counsel.

DATED: October 2, 2007

_____/S/_____
CARLA M. WOEHRLE
United States Magistrate Judge

---

[4] Plaintiff suggests that the willingness of plaintiff's current employer to provide an accommodation to permit work activity is irrelevant to the determination of plaintiff's disability status, citing Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999). [JS 6.] The accommodation referred to in Cleveland, however, is a "reasonable accommodation" pursuant to the Americans with Disabilities Act, which is inapposite to this case.